## IN THE UNITED STAES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KELLY LISTER** : | |
| As Personal Representative of | |
| The Estate of Seneca D. Eldredge : | |
| 340 Sharp Road | |
| Denton, Maryland : | |
| | |
| **Seneca D. Eldridge, V.** : | |
| 26204 Legion Heights Dr | |
| Denton, MD 21629-2827 : | |
| | |
| **Patricia D. Williams as Parent and** : | |
| **Guardian Of Zachary Michael Eldredge** | |
| 26204 Legion Heights Dr : | |
| Denton, MD 21629-2827 | |
| : | |
| Plaintiff's; | |
| v. : | Case No.: RWT-cv-0866 |
| | |
| **PEPCO Holdings, INC., et al** : | |
| (**PHI Service Company**) | |
| 701 Ninth Street, N.W. | |
| Washington, D.C. 20068 : | |
| | |
| **And** : | |
| | |
| **Potomac Electric Power Company** : | |
| "**Pepco**" | |
| : | |
| **(Serve On: Resident Agent)** | |
| The Corporation Trust Incorporated : | |
| 351 West Camden Street | |
| Baltimore MD 21201 : | |
| | |
| Defendants. | |

## **AMENDED COMPLAINT**

COMES NOW, Kelly Lister, as Personal Representative of the Estate of Seneca D. Eldredge, V, deceased, and, Patricia Williams for and on behalf of her minor son, decedent's minor son, Zachary Michael Eldredge, and Seneca D. Eldredge, IV, adult son of the decedent, by and through their attorney's, Richard S. Phillips, and The Phillips Law Firm,

P.A., and for their Amended Complaint against Potomac Electric Power Company, Inc., and PEPCO Holdings, Inc. and PHI Service Company, (hereinafter, collectively, "Pepco"), (Amended to add Potomac Electric Power Company) states as follows:

## PARTIES

1.  The Decedent, Seneca D. Eldredge, was a resident of Caroline County, Maryland.

2.  PEPCO Holdings, Inc. and PHI, is a corporation organized under the laws of the State of Delaware, but having a substantial presence in the State of Maryland and being a regulated utility in the State of Maryland and is the parent corporation of the Defendant herein, Potomac Electric Power Company, Inc., being a corporation organized under the laws of the State of Virginia, but having a substantial presence in the State of Maryland and being a regulated utility in the State of Maryland.  The corporations, Potomac Electric Power Company, PHI, and PEPCO Holdings, Inc., are being referred to collectively hereinafter as "Pepco."

3.  On or about July 11, 2009, the Decedent, while in the employ of CW Wright Construction Company, was working on a utility tower owned and operated by Pepco.

4.  On July 11, 2009, Mr. Eldredge and his crew were raising and lowering the transmission lines to replace insulators.

5.  While preparing to reattach the line, vis-à-vis the insulators, the tower arm above where the Decedent was working failed causing it to swing on a fulcrum; the Decedent was struck by the tower arm and was pinned by the abdomen to the tower itself.

6.  As a result of the injuries received, Mr. Eldredge succumbed to his injuries and died prior to emergency help arriving on the scene.

## COUNT I
### Negligence

7. The allegations of fact contained in numbered paragraphs one (1) through six (6) herein are hereby incorporated in this Count I as if repeated herein verbatim.

8. The failure of Pepco's transmission arm on its tower occurred as a result of Pepco's failure to adequately maintain, construct, manufacture, design, assemble, erect and/or create the tower in question.

9. Pepco's negligence was the sole cause of the failure of the tower arm; the tower arm failed as a direct result of the Pepco's negligence.

10. As a result of the tower arm failure caused by Pepco's negligence, the Decedent suffered a mortal wound to his abdomen, was pinned to the tower, was aware of his circumstances, and suffered extreme pain.

11. As a result of Decedent's injuries and death, Decedent's family has incurred substantial expenses associated with his funeral and burial.

12. In addition, his family has lost the primary wage earner and has been left impecunious.

WHEREFORE, Plaintiff's collectively pray for Judgment against Pepco, Inc., in the amount of Six Million Dollars ($6,000,000.00) together with her costs, expenses and attorney's fees incurred herein.

## COUNT II
### Premises Liability

13. The allegations of fact contained in numbered paragraphs one (1) through twelve (12) herein are hereby incorporated in this Count II as if repeated herein verbatim.

14. The Plaintiff was on the property of Pepco as a business invitee, specifically, for the purposes of furthering the business of Pepco.

3

15. Pepco had the exclusive control of the premises where the Plaintiff was injured and failed to adequately maintain those premises in a safe and prudent manner.

16. The Defendant, Pepco, further breached its duty of care to the Defendant by failing to advise the Defendant of any known dangers or potential dangers associated with the property.

17. Plaintiff could not have, by exercising ordinary care have discovered the defects in the premises maintained by Pepco and which were maintained by Pepco in an unreasonably dangerous fashion, which led to Plaintiff's injuries in this matter.

WHEREFORE, Plaintiff's collectively pray this Court for Judgment against Pepco, Inc., in the amount of Six Million Dollars ($6,000,000.00) together with her costs, expenses and attorney's fees incurred herein.

## COUNT III
*Res Ipsa Loquitor*

18. The allegations of fact contained in numbered paragraphs one (1) through seventeen (17) herein are hereby incorporated in this Count III as if repeated herein verbatim.

19. Pepco was in exclusive control of its power towers and their members and parts.

20. At the time that Plaintiff sustained his injuries, he was performing tasks, which were expected and usual and should not have resulted in a failure of the tower resulting in his death.

21. Pepco was not only in control of the power tower at all times since its construction but Pepco was the designer and/or constructor of these towers and was in exclusive control of them at all times without the potential intervention of negligence of any other parties.

22. The incident would not have normally occurred in the absence of someone's negligence.

23. The incident did not occur because of any negligence on the part of the Plaintiff, or anyone associated with the Plaintiff, who was at all times acting in accord with proper procedures and operations as dictated by Pepco, Inc.

24. In fact, the tower and its arms should have been designed by Pepco to accommodate the exact procedures the Plaintiff was performing at the time of his injury.

25. Under the circumstances of this case, the information regarding the true explanation of the events is much more accessible to the Defendant Pepco than the Plaintiff in this matter and Defendant Pepco has refused to provide Plaintiff's counsel any information regarding the incident in question with respect to the faulty tower.

26. The occurrence, which resulted in the death of the Plaintiff, would not have occurred without negligence on the part of Pepco or entity in privities therewith.

27. As a result of the losses sustained by the Plaintiff, Plaintiff has lost his life, lost his future earnings, lost his ability to help his family and friends and suffered severe pain and fear in the last minutes of his life.

WHEREFORE, Plaintiff's collectively pray this Court for a Judgment against Pepco in this matter in the amount of Six Million Dollars, ($6,000,000.00) together with its costs, expenses and attorney's fees incurred herein.

### COUNT IV
### *Wrongful Death*

28. The allegations of fact contained in numbered paragraphs one (1) through twenty seven (27) herein are hereby incorporated in this Count III as if repeated herein verbatim.

29. Defendant Pepco owed the Decedent, a business invitee on Pepco's property, a heightened duty of care to ensure the safety of the premises.

30. By failing to take reasonable care in ensuring the safety of their premises, Pepco negligently breached the duty of care it owed to the Decedent.

31. As a direct and proximate result of Defendant Pepco's negligent breach of duties owed to the Decedent, and for which the Decedent would have been able to maintain an action against Pepco and recover damages had he lived, the Decedent sustained fatal injuries.

32. As a direct and proximate result of Defendant Pepco's negligence in causing the death of the Decedent, the Decedent's minor children, Seneca D. Eldredge Jr. and Zachary Michael Eldredge, sustained pecuniary loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of filial care, loss of attention, loss of advice, loss of counsel, loss of training, loss of guidance, and loss of education.

33. This Complaint is timely filed within three years after the death of the Decedent pursuant to Section 3-904(f) of the Courts and Judicial Proceedings Article of the Maryland Annotated Code.

WHEREFORE, Plaintiff's collectively pray this Court for a Judgment against Pepco, Inc., in this matter in the amount of Six Million Dollars, ($6,000,000.00) together with its costs, expenses and attorney's fees incurred herein.

                                                  Respectfully Submitted;

                                                  _____/s/_____
                                                  Richard S. Phillips, Esq.
                                                  The Phillips Law Firm, P.A.
                                                  22 W. Dover Street
                                                  Easton, MD 21601-8903
                                                  (410) 820-4455
                                                  *Attorney for Plaintiff*

IN THE UNITED STAES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |  |
|---|---|---|
| **KELLY LISTER** | : | |
| As Personal Representative of | | |
| The Estate of Seneca D. Eldredge | : | |
| 340 Sharp Road | | |
| Denton, Maryland | : | |
| | | |
| **Seneca D. Eldridge, V.** | : | |
| 26204 Legion Heights Dr | | |
| Denton, MD 21629-2827 | : | |
| | | |
| **Patricia D. Williams as Parent and** | : | |
| **Guardian Of Zachary Michael Eldredge** | | |
| 26204 Legion Heights Dr | : | |
| Denton, MD 21629-2827 | | |
| | : | |
| Plaintiff's; | | |
| v. | : | Case No.: RWT-cv-0866 |
| | | |
| **PEPCO Holdings, INC., et al** | : | |
| (**PHI Service Company**) | | |
| 701 Ninth Street, N.W. | | |
| Washington, D.C. 20068 | : | |
| | | |
| **And** | : | |
| | | |
| **Potomac Electric Power Company** | : | |
| **"Pepco"** | | |
| | : | |
| **(Serve On: Resident Agent)** | | |
| The Corporation Trust Incorporated | : | |
| 351 West Camden Street | | |
| Baltimore MD 21201 | : | |
| | | |
| Defendants. | | |

**<u>DEMAND FOR JURY TRIAL</u>**

COMES NOW, Kelly Lister, as Personal Representative of the Estate of Seneca D. Eldredge, V, deceased, and, Patricia Williams for and on behalf of her minor son and decedent's son, Zachary Michael Eldredge, and Seneca D. Eldredge, IV, son of the decedent,

by their attorneys, Richard S. Phillips, Esquire, and The Phillips Law Firm, P.A., and hereby requests a trial by jury in the above matter.

_____/s/_____
Richard S. Phillips
The Phillips Law Firm, P.A.
22 W. Dover Street
Easton, Maryland 21601
(410) 820-4455
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KELLY LISTER**                  *

    Plaintiff's;                   *

**vs.**                                **Case No.: RWT-cv-0866**
                                  *

**PEPCO Holdings, INC., et al**
                                  *

    Defendant's.

## CERTIFICATE OF SERVICE

      I hereby certify that on, this 5th day of April, 2012, a copy of the foregoing Amended Complaint, Redline Original Complaint, and Demand for Jury Trial, which was electronically filed in this case on, April 5, 2012, was mailed via first class mail, postage prepaid, to:

Law Offices of Sasscer, Clagett & Bucher
Mark T. Foley, Esq.
5407 Water Street, Suite 101
Upper Marlboro, Maryland 20772
*Counsel for Pepco Holdings, Inc.*

PHI Service Company
Resident Agent
800 King Street
Wilmington, DE 19801
*Defendant*

                                                            Respectfully Submitted;

                                                          _____/s/_____
                                                          Richard S. Phillips, Esq.
                                                          The Phillips Law Firm, P.A.
                                                          22 W. Dover Street
                                                          Easton, MD 21601-8903
                                                          (410) 820-4455
                                                          *Attorney for Plaintiffs*